IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Emmanuel Elder,                  Case No. 1:13 CV 1798

            Petitioner,       MEMORANDUM OPINION
                                   AND ORDER
        -vs-
                                  JUDGE JACK ZOUHARY
State of Ohio,

            Respondent.

### INTRODUCTION

*Pro se* Petitioner Emmanuel Elder filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) in August 2013. He then filed an Amended Petition (Doc. 4) in October 2013. He challenges his January 2013 conviction for unauthorized use of property from Case No. 12 CRB 2035 in Ashtabula Municipal Court, for which he was sentenced and served thirty days in the local jail (which amounted to time served by the time of his conviction). In his Amended Petition, Petitioner asserts his conviction was obtained: (1) without subject matter jurisdiction under R.C. § 1901.18; (2) without territorial jurisdiction under R.C. § 2938.10; (3) without personal jurisdiction; (4) in violation of his Sixth Amendment right to a speedy trial; (5) in violation of his Fourteenth Amendment rights to due process and equal protection; (6) in violation of Ohio Criminal Rule 3; (7) without probable cause; (8) in violation of Ohio Criminal Rule 27; and (9) in violation of the "30 day arrest to indict[ment] provision [of] 18 U.S.C. § 3161(b)" (Doc. 4 at 4). Pursuant to the Rules Governing Section 2254 Petitions, this Court did not order Respondent to answer. Petitioner, however, has filed a Motion for Default Judgment (Doc. 7).

For the reasons explained below, the Petition is dismissed and the Motion for Default Judgment denied.

## BACKGROUND

Petitioner was arrested on November 20, 2012 and arraigned in the Ashtabula Municipal Court on charges of breaking and entering (Doc. 4 at 2) in Case No. 12 CRB 2035. He claims he invoked his right to a speedy trial (*id.*). On November 30, 2012, the judge ordered Petitioner to submit to an evaluation to determine his competency to stand trial (*id.*). He was deemed competent on January 3, 2013 and the judge continued the trial date until January 9, 2013 (*id.*). He pleaded guilty to the lesser charge of unauthorized use of property on January 9, 2013 and was sentenced to thirty days of jail confinement (*see* Case No. 12 CRB 2035, Ashtabula County Municipal Court).

Petitioner appealed his conviction to the Ohio Eleventh District Court of Appeals on January 22, 2013 (Doc. 4 at 7–9). He submitted three briefs which were not in compliance with the Ohio Appellate Rules (*id.* at 8). The Court of Appeals gave Petitioner twenty days to file a corrected brief but he failed to do so (*id.* at 8–9). His appeal was dismissed on May 20, 2013 for failure to prosecute (*id.* at 9).

In this habeas Petition, Petitioner claims he was prejudiced by the six-day continuance, which resulted in a denial of his speedy trial rights and his rights to due process and equal protection. He further asserts this speedy trial violation deprived the court of subject-matter jurisdiction to try him. He claims the prosecutor failed to file a sworn complaint from the victim, which deprived the court of personal and territorial jurisdiction, and violated Ohio Criminal Rules 3 and 27. He further claims the state violated the thirty-day arrest-to-indictment provision of 18 U.S.C. § 3161(b). Finally, Petitioner claims the police illegally took a DNA sample from him.

2

### STANDARD OF REVIEW

A federal court may entertain a habeas petition filed by a person in state custody only on the ground his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court must undertake a preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If so, the petition must be dismissed. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted "to reduce delays in the execution of state and federal criminal sentences, and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal quotation marks omitted). This Court, therefore, may not grant habeas relief on any claim adjudicated on the merits in any state court unless the adjudication of the claim either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

**Petitioner is Not "In Custody"**

As a preliminary matter, this Court lacks subject matter jurisdiction to consider Petitioner's claims. Section 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.

(Emphasis added.) The "in custody" requirement is jurisdictional. *See Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001); *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). Whether a habeas petitioner is "in custody" is determined at the time the petition is filed. *Lawrence v. 48th Dist. Court*, 560 F.3d 475, 479 (6th Cir. 2009).

Petitioner completed his thirty-day sentence for the conviction about which he complains before he filed his Petition. Indeed, the municipal court docket shows he completed his sentence at the time he entered his guilty plea in January 2013 and was sentenced to thirty days of confinement with thirty days to be credited (Case No. 12 CRB 2035, Ashtabula Municipal Court, 1/9/2013 Docket Entry). This Court may take judicial notice of the proceedings in municipal court. *See Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999) (holding that federal courts may take judicial notice of proceedings in other courts of record). There is no indication in either the municipal court docket or the Amended Petition that Petitioner also was sentenced to probation or a community control program.

Whether he later was incarcerated for an offense not the subject of the instant Petition is irrelevant to this analysis. This Court lacks jurisdiction to entertain a Section 2254 petition attacking a conviction for a sentence that was completed in advance of the filing of the petition. Petitioner's Amended Petition is dismissed for this reason.

4

**The Amended Petition is Procedurally Defaulted**

Even if this Court had jurisdiction to review the Amended Petition, Petitioner failed to exhaust his state court remedies with respect to the claims he asserts here. He filed an appeal of his conviction but that appeal was dismissed for failure to prosecute when Petitioner did not file an amended appellate brief. He does not provide any indication he filed other appeals or post-conviction petitions to present his grounds for relief to the state courts.

Where a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a petitioner to return to state court to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). Where, as in this case, return to state court would be futile as no avenue of review remains open, and Petitioner appears to have completed his sentence, the claims are considered to be procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999).

Federal habeas review therefore is barred unless Petitioner can demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or that this Court's failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause" for a procedural default must be due to some objective factor external to the defense impeding Petitioner in his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner, however, does not offer any explanation for his failure to file a brief or to otherwise pursue his appeal.

Because Petitioner does not establish "cause" and "prejudice," he must show a fundamental miscarriage of justice would occur absent federal habeas review. This narrow exception to the cause requirement applies only where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 393

5

(2004). Petitioner does not claim he is innocent of the crime for which he was convicted and does not suggest a fundamental miscarriage of justice would occur absent federal habeas review.

## CONCLUSION

Accordingly, the Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1 & 4) is dismissed, and Petitioner's Motion for Default (Doc. 7) is denied. Further, this Court finds no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Federal Appellate Rule 22(b).

IT IS SO ORDERED.

                                                                                     s/ *Jack Zouhary*
                                                                           JACK ZOUHARY
                                                                           U. S. DISTRICT JUDGE

March 18, 2014